ISRAEL SUSMAN, Respondent, v. GRACE E. WHYARD, Appellant.*

*Bill of sale — when not a mortgage — judge's charge.*

The property described in a bill of sale remained in the possession of the vendor until it was subsequently taken by the vendor's wife, who claimed title thereto under a sheriff's sale thereof. In such first-mentioned bill of sale it was provided that two dollars and fifty cents a week was to be paid by the vendor to the vendee for the use of the property, and also that in case the vendor paid to the vendee $400, the vendee agreed to resell the property to the vendor.

Upon the trial of an action brought by the vendee against the wife of the vendor, to recover the property mentioned in such instrument, or the value thereof, evidence was introduced tending to show that the alleged bill of sale

---

* Decision handed down September, 1893.

was a mortgage; that the loan was either $250 or $400, and that the agreement to pay two dollars and fifty cents per week was usurious.

The vendee gave testimony tending to show that the bill of sale was absolute; that its consideration was $400, which was all paid, and that the rent reserved therein for the use of such property was what it therein purported to be.

The jury rendered a verdict in favor of the plaintiff.

*Held,* that there was no reason to reverse the verdict on appeal. (DYKMAN, J., dissenting.)

Upon the trial of the case the court charged the jury that the instrument, if given for a loan, was a mortgage, and, therefore, void as against the vendor's creditors, and although real, if not made in good faith, it was void.

*Held,* that this was an eminently fair charge.

APPEAL by the defendant, Grace E. Whyard, from a judgment of the County Court of Rockland county in favor of the plaintiff, entered in the office of the clerk of the county of Rockland on the 17th day of September, 1892, upon a verdict for $400 rendered at the Rockland County Court, and from an order entered in the said clerk's office of Rockland county on the 31st day of October, 1892, denying the defendant's motion for a new trial made upon the minutes.

The action was commenced on April 10, 1891, by the service of the summons, complaint, affidavit, undertaking and requisition in replevin; an answer was served on April 13, 1891, at which time the property in question was replevined by the defendant. The following is a copy of the bill of sale given by W. W. Whyard to Susman :

"Know all men by these presents, that I, William W. Whyard, of Nyack, Rockland county, New York, party of the first part, for and in consideration of the sum of four hundred dollars, lawful money of the United States, to him in hand paid at or before the ensealing and delivery of these presents, by I. Susman of the same place, county and State, party of the second part, the receipt whereof is hereby acknowledged, hath bargained and sold and by these presents doth grant and convey unto the said party of the second part, his executors, administrators and assigns, all this certain property and chattels, to wit:

"One bay mare named ' Jenny.'

"One sorrel horse named ' Rube.'

"One black horse named ' Jim.'

" Two bakery wagons, one double truck, one set of double harness, two single sets, stable utensils, two large ice cream machines, two hundred forms and cans, twelve cherrie tables, thirty-six cherrie chairs, two thousand dishes, three hundred cups and saucers, three hundred silver knives, three hundred silver forks, six hundred silver tea spoons, two hundred silver table spoons, twelve castors, six show cases, two scales; two counters, and all store fixtures, three hundred glasses, four stoves, soda fountain and all bake house tools, trough, machines, etc., which property is now used in the baking business at 54 Main, in said village, county and State, to have and to hold the same unto the said party of the second part, his executors, administrators and assigns forever, and the said party of the first part, does for himself, his heirs, executors and administrators, covenant and agree to and with the said party of the second part to warrant and defend the sale of the said property, hereby sold unto the said party of the second part, his executors, administrators and assigns, against all and every person or persons whomsoever. And it is further understood and agreed by the parties hereto, that if the said party of the first part pay unto the said party of the second part the sum of four hundred dollars within —— from the date hereof, the party of the second part agrees and will resell the property mentioned herein back to the said party of the first part. And it is still further understood and agreed by the parties hereto that the property mentioned herein and specified in the schedule shall remain in the possession of the said William W. Whyard, party of the first part, he agreeing to pay the said party of the second part the sum of two dollars and fifty cents per week for the use of the said mentioned property in his baking business.

" In witness whereof, I have hereunto set my hand and seal this 28th day of October, 1890.

"W. W. WHYARD.      [L. s.]

" Sealed and delivered in the }
          presence of           }
               " WM. H. BANNISTER, JR.

" STATE OF NEW YORK, } *ss. :*
" *County of Rockland,* }

" On this 28th day of October, 1890, personally appeared before me William W. Whyard, known to me and to me known to be the

individual described in and who executed the within instrument and he acknowledged to me that he executed the same.

"WM. H. BANNISTER, JR.,

" *Notary Public,*

" Rockland County."

The foregoing exhibit was indorsed:

" Filed Nov. 17th, '90, at 10 o'clock, A. M.

" ANDREW MURRAY,

" *Town Clerk.*"

*A. S. Tompkins,* for the appellant.

*W. H. H. Ely,* for the respondent.

BARNARD, P. J. :

The defendant is the wife of William W. Whyard. He executed to the plaintiff a paper in form of a bill of sale on the 18th of July, 1892. The plaintiff claims title to the property conveyed by it to him. The property was left in the possession of the vendor, and by the bill of sale the sum of $2.50 a week was to be paid for the " use of the said mentioned property." The defendant claims title under a sheriff's sale thereof under execution against William W. Whyard. The only question litigated on the trial was whether this bill of sale was a mortgage or a bill of sale. The lawyer who drew it gives evidence tending to show that the paper was a mortgage; that the loan was either $250 or $400, and that the $2.50 per week was possibly usurious. The plaintiff gave evidence tending to show that the bill of sale was absolute. That the consideration was $400 and was all paid, and that the rent reserved for the use of the property was what it purports to be in the bill of sale. The jury found for the plaintiff. There is no reason to reverse this verdict on appeal. The attorney who drew the paper apparently drew a bill of sale for a mortgage under his testimony, and his evidence was probably weakened by the fact that an unrecorded personal mortgage was of no use as a security, which fact was discussed and a bill of sale given instead. Assuming the bill of sale and the payment of the consideration, the possession of the property in the vendor subsequently was fully explained and shown to have been in good faith and without any intent on the part of either party to defraud

the creditors of the vendor. The charge of the county judge was eminently fair. The jury were told that if the bill of sale was, in reality, given for a loan, it was a mortgage and void as against the creditors of the vendor. That if the bill of sale was real and was not made in good faith, then it was void. The jury has found that the bill of sale was absolute, and that the property was left in the hands of the vendor under a covenant for rent for the use of it, and that the paper was made in good faith and without any intent to defraud creditors.

The judgment should be affirmed, with costs.

PRATT, J., concurred.

DYKMAN, J. (dissenting):

This is an action for the recovery of personal property. It was commenced and tried in the County Court of Rockland county, where the plaintiff obtained a verdict, and the defendant has appealed to this court from the judgment entered thereon, and from an order denying a motion for a new trial on the minutes of the court.

The plaintiff claimed title to the property by virtue of a written instrument which he insisted was a bill of sale, and the defendant bought it of Andrew Wood, who purchased the same at a sale under several executions against the property of William W. Whyard, the husband of the defendant, issued upon judgments against him. The judgments were all recovered on and before the 11th day of November, 1890. Two of the executions were received by the sheriff of Rockland county on the 13th day of November, 1890, and one of them was dated October 23, 1890, but it does not appear when it was delivered to the constable.

It was conceded upon the trial, however, that the instrument under which the plaintiff claimed, was filed in the office of the town clerk of the proper town on the 17th day of November, 1890, and all the executions against the property of W. W. Whyard had then been delivered to the executive officers.

There was no change in the possession of the property at any time, but it remained with W. W. Whyard subsequent to the execution of the instrument, and was used by him the same as before, and was in his possession when seized under the execution.

It is important to determine the character of the instrument under which the plaintiff claims title to the property in question.

The first portion of it contains language usually found in an absolute bill of sale, but in the latter part of the paper there is a statement that if the maker, Whyard, pays the sum mentioned the plaintiff agrees to resell the property to him. Aside from this, the testimony shows clearly that the instrument was intended as a security for money or against liability as an indorser of Whyard's paper.

In our view, the instrument is in legal effect a chattel mortgage. Although the plaintiff did not sign the instrument, he yet accepted the same with the defeasance clause inserted, and he was thus under obligation to resell the property upon the receipt of the money he advanced or the release of the obligation he had assumed as indorser.

A bill of sale, absolute on its face, transferring property to be held as security for the payment of a debt due to the vendee, is a mortgage. (*Smith* v. *Beattie,* 31 N. Y. 541.)

The rights of the plaintiff, therefore, were those of a mortgagee of chattels which remained in the possession of the mortgagor, and based upon that foundation the case of the plaintiff encounters many obstacles.

The judgments through which the defendant makes title were perfected and the executions were issued thereon and delivered to the officer for enforcement before the chattel mortgage was filed in the clerk's office, and while the property remained in the possession of the mortgagor.

The delivery of the executions to the officer created a lien upon the property subsequently seized under them and sold to Wood, the plaintiff's assignor. (*Ray* v. *Birdseye,* 5 Denio, 619.)

Under all circumstances, a chattel mortgage must be filed as required by the statute before it becomes operative against a judgment creditor. (5 Denio, *supra.*)

And as this instrument was not so filed until a lien of the judgment had attached to the property by the issuance of the executions, the sales thereunder were valid and conferred a valid title to the purchaser whose rights have been acquired by the defendant.

It was erroneous to submit the question to the jury respecting the character of the instrument. That was a question of law to be decided by the court, and it was the duty of the trial judge to deter-

mine the question instead of leaving it to the jury. (*Arctic Fire Ins. Co.* v. *Austin*, 69 N. Y. 477.)

The material facts in the case cannot be changed. The chattel mortgage was void as against the judgment creditors until it was filed, and as the lien of the execution atttached before such filing, the title made by the sale is valid and must prevail.

My own conclusion, therefore, is that the judgment should be reversed and a new trial granted, with costs to abide the event.

Judgment and order affirmed.